FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

2014 DEC 16  AM 11: 59

METH LAB CLEANUP, LLC,

    Plaintiff,

v.      Case No. 8:14cv3129T26TBM

SPAULDING DECON, LLC and
LAURA SPAULDING,

    Defendants.

_____/

## COMPLAINT

Plaintiff, METH LAB CLEANUP, LLC ("Plaintiff"), by and through the undersigned counsel, sues Defendants, SPAULDING DECON, LLC and LAURA SPAULDING ("Defendants") and alleges:

### PARTIES AND JURISDICTION

1.     Plaintiff, METH LAB CLEANUP, LLC, is an Idaho limited liability company with its principal address in Kootenai County, Idaho.

2.     Defendant, SPAULDING DECON, LLC, is a Florida limited liability company with its principal address in Hillsborough County, Florida.

3.     Defendant, LAURA SPAULDING, is an individual who resides in Hillsborough County, Florida.

4.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 and in Hillsborough County as it is where the breach occurred, where the Settlement Agreement at issue was executed, where both Defendants' principal address or residence is, and where all causes of action arose.

5.     This Court has jurisdiction over this action pursuant to 15 U.S.C. 1121, 28 U.S.C. §

1

1331, relating to federal questions, and 28 U.S.C. § 1332 due to the parties' diversity of citizenship. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6. Additionally, paragraph 20 of the Confidential Settlement Agreement, on which this action is based, provides for jurisdiction to be maintained in the Middle District of Florida with regard to enforcement of the Confidential Settlement Agreement.[1]

## GENERAL ALLEGATIONS

7. In or about October 2010, Plaintiff filed a Complaint against Defendants in Meth Lab Cleanup, LLC v. Spaulding Decon, LLC and Laura Spaulding (Case No. 8:10-CV-2550-T-30TGW) ("Trademark Case").

8. Plaintiff and Defendants, the same Plaintiff and Defendants in the Trademark Case, agreed to settle the Trademark Case pursuant to the terms contained in the Confidential Settlement Agreement.

9. The original Confidential Settlement Agreement is owned, held, and in the possession of the Plaintiff.

10. Plaintiff is the owner of various intellectual property, including, but not limited to: U.S. Trademark Registration No. 3,662,396 filed on September 4, 2007 and issued on August 4, 2009 for the mark **METH LAB CLEANUP LLC** in International Class 041, U.S. Trademark Registration 3,662,399 filed on September 6, 2007 and issued on August 4, 2009 for the mark **METH LAB CLEANUP LLC** in International Class 042, U.S. Trademark Registration 3,662,398 filed on September 6, 2007 and issued on August 4, 2009 for the mark **METHLAB CLEANUP LLC** in International Class 040, Copyright Registration No. TX 6-837-133 issued on September 6, 2007 for the MLCC Training Manual, Revision 1, and Copyright Registration No. 6-841-055 issued on September

---

[1] In an abundance of caution due to the ambiguity of whether paragraph 13 of the Confidential Settlement Agreement allows public disclosure of the Confidential Settlement Agreement, Plaintiff will file a true and correct copy of the Confidential Settlement Agreement under seal unless otherwise instructed by the court.

2

17, 2007 for www.methlabcleanup.com content (jointly or separately as appropriate, referred to as "Plaintiff's Intellectual Property").

11. Under Section K of the Recitals of the Confidential Settlement Agreement, Defendants "agree[d] to the validity and enforceability of" Plaintiff's Intellectual Property.

12. Paragraph 2 of the Terms of the Confidential Settlement Agreement specifically forbids Defendants, and those acting in concert with Defendants, from seeking cancellation of Plaintiff's trademarks.

13. Paragraph 7(a) of the Terms of the Confidential Settlement Agreement restrains Defendants from:

> engaging in, directly or indirectly, or authorizing or assisting any third party to engage in, any of the following activities in the United States and throughout the world: . . . making use of any of the Copyrights-in-Suit and the Trademarks-in-Suit . . . whether such use is as, on, in or in connection with any **trademark,** service mark, trade name, logo, design, Internet use, **website, domain name, metatags,** advertising, promotions, solicitations, commercial exploitations, television, web-based or any other program, service, or otherwise.

(emphasis added).

14. Paragraph 7(b) of the Terms of the Confidential Settlement Agreement also restrains Defendants from:

> engaging in, directly or indirectly, or authorizing or assisting any third party to engage in, any of the following activities in the United States and throughout the world: . . . performing or allowing others employed by or representing [Defendants] or under such Defendant's control, to perform any act or thing which is likely to injure [Plaintiff], any of the Copyrights-in-Suit and the Trademarks-in-Suit, and/or Plaintiff [Plaintiff's] business reputation or goodwill.

15. Paragraph 7(d) of the Terms of the Confidential Settlement Agreement further restrains Defendants from:

> engaging in, directly or indirectly, or authorizing or assisting any third party to engage in, any of the following activities in the United States and throughout the world: . . . using any Internet domain name or

website that includes any of the Trademarks-in-Suit, the common law mark METH LAB CLEANUP or the Copyrights-in-Suit complained of herein . . . .

16. Paragraph 13 of the Terms of the Confidential Settlement Agreement specifically forbids Defendants from disparaging Plaintiff.

17. Paragraph 13 of the Confidential Settlement Agreement also requires Defendants to keep the Confidential Settlement Agreement "in strict confidence."

18. Paragraph 14 of the Terms of the Confidential Settlement Agreement states "Defendants (as well as their agents, representatives, consultants and contractors) are prohibited from using any form of domain name (URL) having the terms **METH LAB CLEANUP**, including any derivative of such potential domain name (regardless of use of slashed [sic] or other additions)."

19. Paragraph 15 of the Confidential Settlement Agreement provides attorney's fees for the prevailing party in any litigation to enforce the Confidential Settlement Agreement.

20. Plaintiff has retained the law firm of Widerman Malek, PL to represent its interest in these proceedings and has obligated itself to pay said law firm reasonable attorney's fees and court costs.

### I. Breach Of Confidential Settlement Agreement

21. Plaintiffs reallege and incorporate by reference paragraphs 1-20, as if fully restated herein.

22. Upon information and belief, Defendants breached paragraphs 2 and 13 of the Confidential Settlement Agreement by urging the American Bio Recovery Association to institute cancellation proceedings against Plaintiff's trademark registrations.

23. Upon information and belief, Defendants breached paragraphs 2, 7(b), and 13 of the Confidential Settlement Agreement by disparaging Plaintiff and by assisting Bio Clean, Inc. and Theresa Borst to engage in and perform acts which are likely to injure Plaintiff, Plaintiffs

4

Intellectual Property, and Plaintiff's business reputation and goodwill through the counterclaims in the lawsuit, Meth Lab Cleanup, LLC v. Bio Clean, Inc. and Theresa Borst (Case No. 2:14-cv-01259-RAJ, U.S. District Court for the Western District of Washington at Seattle) and by filing a Petition to Cancel Plaintiff's trademarks with the USPTO.

24. Defendants breached paragraphs 7(a), 7(d), and 14 of the Confidential Settlement Agreement by offering their services under the URL www.methlabservices.com ("Domain Name" or "Website"). A true and correct copy of the Website Page is attached hereto as **Composite Exhibit A.**

25. The Domain Name is confusingly similar to Plaintiff's Intellectual Property and is a clear infringement of Plaintiff's intellectual property rights and in violation of paragraphs 7(a), 7(d), and 14 of the Confidential Settlement Agreement.

26. Defendants' further breached paragraph 7(a) of the Confidential Settlement Agreement by including "Meth Lab Cleanup" as a meta tag ("Meta Tag") in Defendants' Website. A true and correct copy of the Meta Tag Source Coding is attached hereto as **Composite Exhibit B.**

27. The Meta Tag is confusingly similar to Plaintiff's Intellectual Property and is a clear infringement of Plaintiff's intellectual property rights and a violation of paragraph 7(a) of the Confidential Settlement Agreement.

28. Defendants breached paragraph 13 of the Confidential Settlement Agreement by disclosing terms of the Confidential Settlement Agreement to at least one third party.

29. Plaintiff suffered damages caused by the material breaches of Defendants, including loss of reputation, lost profits, and loss of customers and future customers.

30. Plaintiff is entitled to attorney's fees and costs to be paid by Defendants pursuant to

paragraph 15 of the Confidential Settlement Agreement.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment against Defendants that Defendants breached paragraphs 2, 7(a), 7(d), 13, and 14 of the Confidential Settlement Agreement and ordering Defendants to:

a. Remove the Meta Tags and transfer the Domain Name to Plaintiff and to execute such documents as may be necessary to convey the Domain Name,

b. Be enjoined from using or allowing to be used any meta tag using the terms "Meth Lab Cleanup" or "Meth Lab Services" or any confusingly similar terms,

c. Be enjoined from creating or having created any domain name using any of the following terms or any confusingly similar terms: Meth, Lab, Cleanup, Service, and Services,

d. Pay actual damages to Plaintiff,

e. Pay Plaintiff's attorney's fees and costs, and

f. Any other and further relief as this Court deems just and proper.

Dated: December 12, 2014.

/s/ Mark F. Warzecha
Mark F. Warzecha, Esq.
Florida Bar No. 0095779
J. Mason Williams IV, Esq.
Florida Bar No. 98831
**WIDERMAN MALEK, PL**
1990 W. New Haven Avenue, Suite 201
Melbourne, Florida 32904
Telephone: 321-255-2332
Facsimile: 321-255-2351
MFW@USLegalTeam.com
**Attorneys for Plaintiff**