UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

METH LAB CLEANUP, LLC

    Plaintiff,

v.                                                CASE NO:  8:14-cv-3129-T-30TBM

SPAUDLING DECON, LLC, et al.,

    Defendants.
_____/

**ORDER**

THIS CAUSE is before the Court on Plaintiff's Motion for Final Default Judgment (Dkt. #12), filed January 16, 2015; Defendants' Motion to Set Aside Default (Dkt. #18), filed January 30, 2015, and Plaintiff's Response in Opposition (Dkt. #21), filed February 13, 2015. Upon review, the Court concludes that the default should be set aside and Plaintiff's motion should be denied.

**BACKGROUND**

On December 16, 2014, Plaintiff filed an action for breach of a Confidential Settlement Agreement[1] between Plaintiff and Defendants. Defendants were served on December 19, 2014. On January 13, 2015, the Clerk of Court entered a default against Defendants because Defendants failed to timely file a responsive pleading under Rule 12 of the Federal Rules of Civil Procedure. On January 22, 2015, Defendants retained counsel, and on the following day, Defendants filed and served an answer and affirmative defenses

---

[1] Plaintiff submitted the Confidential Settlement Agreement to the Court under seal for its review.

to Plaintiff's Complaint. Defendants assert that they mistakenly and inadvertently miscalculated the response deadline.

Plaintiff requests the Court to enter a final default judgment. Defendants, on the other hand, ask that the Court set aside the default, allowing the case to proceed on its merits.

## DISCUSSION

Under Federal Rule of Civil Procedure 55(c), a "court may set aside an entry of default for good cause." Good cause "is a mutable standard, varying from situation to situation. It is also a liberal one – but not so elastic as to be devoid of substance." *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996) (quoting *Coon v. Grenier*, 867 F.2d 73, 76 (1st Cir. 1989)).

In assessing good cause, a court should consider multiple factors, including whether the default was the result of culpable or willful conduct on the part of the defendant, whether the defendant acted promptly to set aside the default, whether setting aside the default will result in prejudice to the plaintiff, and whether the defendant has a meritorious defense. *Id.* Even "a hint of a suggestion of a meritorious defense" renders the defense colorable. *Bank of New York v. Brunsman*, 683 F.Supp. 2d 1300, 1303 (M.D. Fla. 2010) (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 n. 4 (5th Cir. 1979)).

When it is unclear whether good cause exists, it is "generally . . . appropriate for trial judges to exercise their discretion in favor of setting aside defaults so that cases may be decided on their merits." *Theiss v. Glove Law Office, P.C.*, No. 8:08-cv-356-T-17MSS, 2008 WL 2323911, at *3 (M.D. Fla. June 5, 2008). Though the Plaintiff makes a valiant

argument against setting aside the default, in the interest of having this case decided on its merits, the Court weighs the circumstances in favor of Defendants and concludes that Defendants have shown good cause sufficient to set aside the default.

Plaintiff maintains that Defendants' default was the result of willful conduct because Defendants had previously retained counsel to respond to Plaintiff's notice of their breach, implying that Defendants were represented by counsel when the Complaint was filed. Accordingly, Plaintiff argues, Defendants' assertion that they did not retain counsel until after the default was entered is a red herring. The Court is not swayed by this argument, particularly because the Plaintiff has not offered any evidence to establish that Defendants were still represented by counsel at the time the Complaint was filed. Further, the Court accepts as true Defendants' assertion that they failed to timely file a response because they miscalculated the deadline and determines that the default was not willful. The fact that Defendants acted promptly to set aside the default further supports this conclusion.

Plaintiff also maintains that the defenses Defendants raise in their Answer are "conclusory, generic denial[s] and/or boiler plate regurgitation, devoid of any factual basis," or otherwise waived pursuant to the Confidential Settlement Agreement, and therefore not meritorious. While the Court agrees with Plaintiff that some of Defendants' defenses are conclusory and others *may* have been waived through the Confidential Settlement Agreement, the Court nonetheless concludes that Defendants' response to the Complaint is more than a mere general denial. *See Brunsman*, 683 F.Supp. 2d at 1303 (finding that defendants' defenses were colorable because they "exceed a mere general denial of the allegations against them.").

On the question of prejudice, Plaintiff posits that the threat is great because no factual basis for Defendants' proffered defenses exists; because Defendants have no meritorious defense, Plaintiff will be unduly prejudiced if it is forced to proceed with litigation. In accordance with the Court's conclusion that Defendants have alleged a meritorious defense, the Court gives Plaintiff's argument no weight. And to the extent Plaintiff opines it will suffer additional expense if the default is vacated, this feature "necessarily accompan[ies] any (and every) vacating of an entry of default." *Leaderstat, LLC v. Abisellan*, 252 F.R.D. 698, 700 (M.D. Fla. 2007).

For the reasons articulated herein, the Court holds that Defendants have shown good cause to excuse the default and this case should be determined on its merits.

It is therefore **ORDERED AND ADJUDGED** that:

1. Defendants' Motion to Set Aside Default (Dkt. #18) is GRANTED.

2. Plaintiff's Motion for Final Default Judgment (Dkt. #12) is DENIED.

3. The Clerk of Court is directed to set aside the default (Dkt. #11) in this case.

**DONE** and **ORDERED** in Tampa, Florida, this 19th day of February, 2015.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2014\14-cv-3129 set aside 18.docx