## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

METH LAB CLEANUP, LLC,

      Plaintiff,

v.                                Case No: 8:14-cv-3129-T-30TBM

SPAULDING DECON, LLC, *et al*.,

      Defendants.

_____

## ORDER

THIS CAUSE comes before the Court upon the Plaintiff's Motion to Dismiss Defendants' Amended Counterclaims, Third Party Complaint and Affirmative Defenses (Dkt. #36) and Defendants and Third Party Plaintiffs' Response in Opposition to the Motion (Dkt. #38). Upon review and consideration, it is the Court's conclusion that the Motion should be denied.

### *Background*

The Court discussed the background of this case extensively in its Order on Plaintiff's Motion for Partial Summary Judgment. *See* Dkt. #39. Plaintiff and Third Party Defendants Joseph Mazzuca and Julie Mazzuca (the "Mazzucas") now move to dismiss the Defendants' Amended Counterclaims and Third Party Complaint arguing that it is a shotgun pleading and that the Defendants fail to state a cause of action in Counts I - III. Plaintiff also moves to strike the Defendants' affirmative defenses.

The Defendants/Third Party Plaintiffs (hereinafter "Defendants") filed their Amended Counterclaims and Third Party Complaint against Meth Lab Cleanup, LLC ("MLC") and its owners, the Mazzucas, alleging several causes of action. Count I seeks a declaration from the Court that the Defendants' use of the phrase "meth lab services" does not: (1) infringe on any of Plaintiff's trademarks, (2) violate the Lanham Act, (3) constitute unfair competition, or (4) infringe on MLC's common law rights. In Count II, they allege unfair competition in violation of the Lanham Act § 43 (a), 15 U.S.C. § 1125(a), based on MLC's assertion of contractual and exclusive intellectual property rights in the phrase "meth lab services" and the Mazzucas' false and derogatory statements. In Count III, Defendants allege a violation of the Lanham Act § 43 (a), 15 U.S.C. § 1125(a) based on false and misleading advertising on the website "floridamethlabcleanup.com" and MLC and the Mazzucas' use of the company name "Florida Meth Lab Cleanup." In Count IV, V, and VI Defendants allege that MLC and the Mazzucas breached various provisions of the Confidential Settlement Agreement by violating the confidentiality clause and filing this lawsuit against Laura Spaulding and Spaulding Decon.

## *Discussion*

### I.   **Motion to Dismiss Standard**

When reviewing a motion to dismiss, a court must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff.  *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).   However, unlike factual allegations, conclusions in a pleading "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).   On the contrary, legal conclusions "must be

supported by factual allegations." *Id.* Indeed, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). While a "heightened fact pleading of specifics" is not required, "enough facts to state a claim to relief that is plausible on its face" is necessary. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### II.    MLC and the Mazzucas' Motion to Dismiss

MLC and the Mazzucas move to dismiss the Amended Counterclaims and Third Party Complaint arguing that it is a shotgun pleading. In addition, they move to dismiss Count I arguing that the Court lacks subject matter jurisdiction because the Defendants have not established a case or controversy as they have not pled any damages. Assuming a case or controversy exists, they further argue that the Court should decline to exercise its discretionary power to hear a cause of action for declaratory judgment because all issues and all parties are involved in the Plaintiff's complaint. Additionally, they move to dismiss Counts II and III for failure to state a cause of action.

### a.  Shotgun Pleading

One form of a "shotgun pleading," which may apply in this case, is when a party asserts multiple claims against multiple defendants without identifying which specific party is responsible for the alleged acts or omissions. *See Weiland v. Palm Beach County Sheriff's Office*, No.:13-14396, 2015 WL 4098270, at *5 (11th Cir. Jul. 8, 2015). "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or

another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id*.

In this case MLC and the Mazzucas argue that Defendants inappropriately "lump" MLC and the Mazzucas together in their allegations without identifying which party committed which act. As an example, Plaintiff points out that "Defendants allege that … Joseph and Julie Mazzuca have both made a false statement concerning the Defendants, but do not state which [one] made the statement nor to whom and when." Since the Mazzucas are the owners and operators of MLC, the Defendants' allegations, although not the model of clarity, are sufficient to put MLC and the Mazzucas on notice as to the claims against them.   Therefore, the Motion is denied as to this basis.

### b.  Declaratory Judgment

"The Declaratory Judgment Act provides that a court may declare the rights and other legal relations of any interested party, not that it must do so." *MedImmune, Inc. v. Genentech, Inc*., 549 U.S. 118, 127 S.Ct. 764, 776, 166 L.Ed.2d 604 (2007); *see also Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005) (["The Declaratory Judgment Act] only gives the federal courts competence to make a declaration of rights; it does not impose a duty to do so."). The Court's discretion over whether to sustain a claim for declaratory judgment extends to cases where a direct action involving the same parties and the same issues has already been filed. *Knights Armament Co. v. Optical Sys. Tech., Inc*., 568 F. Supp. 2d 1369, 1374-75 (M.D. Fla. 2008).

Plaintiff's complaint alleges trademark infringement claims regarding the use of the URL "www.methlabservices.com."   The Court disagrees with MLC that the count for

declaratory relief is redundant with MLC's claims. MLC's complaint specifically addresses the Defendants' use of the URL, but Defendants seek a declaration that any use of the phrase "meth lab services" to describe their services does not violate the law or otherwise infringe on MLC's intellectual property rights. Therefore, the Court denies dismissal on this basis.

### c.  Unfair Competition and False Advertising Under the Lanham Act

Title 15 U.S.C. § 1125(a) provides that:

> (1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—

> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or

> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,

> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a).

To state a claim for unfair competition and false designation of origin, "a plaintiff must show (1) that the plaintiff had enforceable trademark rights in the mark or name, and (2) that the defendant made unauthorized use of it such that consumers were likely to

confuse the two." *Custom Mfg. & Eng'g, Inc. v. Midway Servs., Inc.*, 508 F.3d 641, 647–48 (11th Cir. 2007) (internal quotations omitted).

In Count II the Defendants allege that MLC and the Mazzucas have engaged in unfair competition under the Lanham Act, 15 U.S.C. § 1125(a) based on Plaintiff's assertion of contractual rights and property rights to the phrase "meth lab services." Defendants allege that they have continuing rights to use the term "meth lab services" and that MLC and the Mazzucas made derogatory statements about Laura Spaulding and Spaulding Decon to other members of the meth lab decontamination industry. Although the Defendants do not state the specific false or derogatory statements, they allege that the statements have interfered with their ability to do business. Defendants' allegations are sufficient to sustain this claim, and the Court denies dismissal on this basis.

To prevail on a false advertising claim under the Lanham Act, a plaintiff must establish that: 1) the advertisements were false or misleading; 2) the advertisements deceived, or had the capacity to deceive, consumers; 3) the deception has a material effect on purchasing decisions; 4) the misrepresented product or service affects interstate commerce; and 5) the plaintiff has been injured as a result of the false advertising. *N. Am. Med. Corp. v. Axiom Worldwide, Inc.*, 522 F.3d 1211, 1224 (11th Cir. 2008)).

In Count III Defendants allege that MLC and the Mazzucas made false advertising statements that "have the capacity to deceive consumers and *will have* a material effect on purchasing decisions." (Emphasis added). MLC and the Mazzucas argue that alleging that the false statements "will have" a material effect on purchasing decisions, as opposed to a past or present effect, is insufficient as a matter of law. The Court disagrees and concludes

that the Defendants have sufficiently alleged a cause of action and denies Plaintiff's motion to dismiss this claim.

### III.   Affirmative Defenses

MLC and the Mazzucas also move to strike the Defendants' affirmative defenses on the basis that they are conclusory with no supporting facts and are therefore insufficient as a matter of law. The following affirmative defenses survived Plaintiff's Motion for Partial Summary Judgment: unclean hands, laches, waiver, consent, acquiescence, estoppel, and failure to mitigate damages.   Defendants further assert that Spaulding Decon has contractual rights to use the phrase "meth lab services" and that MLC has no intellectual property rights to the phrase.

Motions to strike are generally disfavored and will usually be denied unless it is clear the pleading sought to be stricken is insufficient as a matter of law. *Guididas v. Cmty. Nat. Bank Corp.*, 8:11-CV-2545-T-30TBM, 2013 WL 230243, at *1 (M.D. Fla. Jan. 22, 2013).   "A court will not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Id.*   A court will only strike a defense as insufficient as a matter of law if: (1) it is patently frivolous on its face, or (2) it is clearly invalid as a matter of law. *Id.* at *2. Furthermore, an affirmative defense is sufficient when it raises substantive factual or legal questions and there is no showing of prejudice to the movant. *Id.*

The Court concludes that given the facts alleged within the Defendants' Amended Counterclaims and Third Party Complaint, MLC and the Mazzucas have sufficient notice

of the basis for the defenses. Therefore, the request to strike the affirmative defenses is denied.

It is therefore **ORDERED AND ADJUDGED** that:

1.      Plaintiff's Motion to Dismiss Defendants' Amended Counterclaims, Third Party Complaint and Affirmative Defenses (Dkt. #36) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida, this 23rd day of July, 2015.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Copies furnished to</u>:
Counsel/Parties of Record

S:\Odd\2014\14-cv-3129 mtd 36.docx