# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

METH LAB CLEANUP, LLC,

    Plaintiff,

v.                                          Case No: 8:14-cv-3129-T-30TBM

SPAULDING DECON, LLC and
LAURA SPAULDING,

    Defendants.

## ORDER

THIS CAUSE is before the Court on Plaintiff Meth Lab Cleanup, LLC's ("Plaintiff" or "MLCC") Motion for the Court to find Defendants Spaulding Decon, LLC and Laura Spaulding ("Defendants") in contempt of Court (Dkt. 54) for their failure to comply with this Court's summary judgment order, and Defendants' Response in Opposition (Dkt. 60). Having reviewed the filings, the evidence, and the relevant law, the Court concludes, for the reasons discussed below, that Defendants should be ordered to appear and show cause as to why they have not complied with portions of the Court's summary judgment order.

## FACTUAL BACKGROUND

The parties in the case are long-time competitors in the crime-scene cleanup and decontamination business. Plaintiff first filed suit against Defendants in 2010, alleging trademark and copyright infringement. Those allegations centered on Plaintiff's registered mark, "Meth Lab Cleanup LLC," and Defendants' use of that mark in two of their websites—www.spauldingdecon.com and www.MethLabServices.com.

In 2012, the parties entered into an agreement settling that case. Paragraph K of the agreement states that "the Parties agree to the validity and enforceability of MLCC's Trademarks-in-Suit . . . as [] defined below." That Trademark-in-Suit was defined as follows:

> U.S. Trademark Registration No. 3,666,396 filed on September 4, 2007, and issued on August 4, 2009, for the mark METH LAB CLEANUP LLC in International Class 041, U.S. Trademark Registration 3,662, 399 filed on September 6, 2007, and issued on August 4, 2009, for the mark METH LAB CLEANUP LLC in International Class 042, U.S. Trademark Registration 3,662, 398 filed on September 6, 2007 and issued on August 4, 2009, for the mark METHLAB [sic] CLEANUP LLC in International Class 040.

Paragraph 7 of the "Terms and Agreements" section of the agreement specified the restraints against Defendants' use of that Trademark-in-Suit:

> Defendants Spaulding Decon, Ms. Spaulding and any person or entity acting in concert with, or at the direction of such Spaulding Decon and Ms. Spaulding, including any and all contractors, managers, agents, servants, employees, partners, assignees, and any others over which such Defendant may exercise control, are hereby RESTRAINED and RESTRICTED FROM, from [sic] engaging in, directly or indirectly, or authorizing or assisting any third party to engage in, any of the following activities in the United States and throughout the world:
> a. copying, manufacturing, importing, exporting, marketing, sale, offering for sale, distributing or dealing in any product or service that uses, or otherwise making any use of, any of the Copyrights-in-Suit and the Trademarks-in-Suit (subject to . . . the limitations found in [the Safe Harbor Paragraph] . . .) and/or any intellectual property that is confusingly or substantially similar to, or that constitutes a colorable imitation of, any of the Copyrights-in-Suit and the Trademarks-in-Suit, whether such use is as, on, in or in connection with any trademark, service mark, trade name, logo, design, Internet use, website, domain name, metatags, advertising, promotions, solicitations, commercial exploitation, television, web-based or any other program, service, or otherwise . . . .

Defendants, in short, agreed not to use the trademarked "Meth Lab Cleanup LLC" or anything "that is confusingly or substantially similar." Soon thereafter, the parties together asked the Court to close the case, and the Court obliged.

But the détente was short lived. In 2014, Plaintiff filed this lawsuit alleging that Defendants breached the parties' 2012 settlement agreement. Among other alleged breaches, Plaintiff claims that Defendants violated the agreement by using the phrase "Meth Lab Cleanup" as a metatag on one of its websites, www.MethLabServices.com. To Plaintiff, this was a phrase "confusingly or substantially similar to" its trademarked name, "Meth Lab Cleanup LLC," and its use was therefore proscribed by paragraph 7 of the agreement. Defendants did not deny using the phrase, but instead argued that their use did not violate the agreement because the use qualified as a "general description of services," which the agreement excepted from its prohibitions in a "Safe Harbor" provision.

On this claim, Plaintiff sought summary judgment. *See Meth Lab Cleanup, LLC v. Spaulding Decon, LLC*, No. 8:14-cv-3129-T-30TBM, 2015 WL 4496193, *8, (M.D. Fla. July 23, 2015) (detailing relationship between the parties, procedural history, and terms of the 2012 agreement). In evaluating the motion, the Court applied Florida contract law, per the parties' agreement, and trademark infringement case law to interpret the language "confusingly or substantially similar to." *Id.* at *4-5. Under this law, the Court found, first, that the phrase "Meth Lab Cleanup" was indeed substantially similar to Plaintiff's trademarked "Meth Lab Cleanup LLC." *Id.* at *5. The Court then found that, given the placement of metatags not on websites but in their source codes and the purpose of metatags to optimize search engine results, Defendants' use of "Meth Lab Cleanup" did

3

not qualify as a "general description of services." *Id.* at \*6 (citing *St. Luke's Cataract & Laser Inst., P.A. v. Zurich Am. Ins. Co.*, 506 Fed. Appx. 970, 976 n. 9 (11th Cir. 2013)). On July 23, 2015, the Court granted summary judgment.

The Court did limit its holding in one significant way, concluding that the use of "meth lab cleanup," in all lowercase letters, in Defendants' metatags did not violate the agreement. The Court was influenced by the fact that the parties' agreement expressly stipulated that www.spauldingdecon.com was free of infringement before January 26, 2012 and that "meth lab cleanup" had been used as a metatag on the site before that date.[1]

On Plaintiff's remaining claims, litigation is ongoing.

## DISCUSSION

Plaintiff now alleges that Defendants have once again violated the parties' agreement, as well as the Court's summary judgment order, by continuing to use the phrase "Meth Lab Cleanup" or substantially similar variations on their websites. On www.MethLabServices.com, Plaintiff alleges that Defendants continue to use "the capitalized phrases 'Meth Lab Cleanup' and 'METH LAB CLEANUP' in the metadata." (Dkt. 54, p. 3). On www.spauldingdecon.com, Plaintiff alleges that Defendants continue to use "the phrases 'Meth Lab Cleanup,' 'Meth lab cleanup,' 'meth lab Cleanup,' 'METH LAB Cleanup,' and 'meth lab cleanup,' some of which are in the metadata." (Dkt. 54, pp.

---

[1] As this order explains below, Defendants have treated this limitation as a wedge they can pry open. They have pried too far.

3-4). Plaintiff asks the Court to hold Defendants in contempt of court under Federal Rule of Civil Procedure 70(e) and to provide other relief.[2] (*See* Dkt. 54, p. 8).

Defendants do not dispute Plaintiff's factual assertions, except to say that "[a]ll instances of 'Meth Lab Cleanup' have been removed." (Dkt. 60, p. 4). Defendants instead argue that their use of other variations ("METH LAB CLEANUP" and "METH LAB Cleanup," for example) were not prohibited by the Court's summary judgment order, do not violate the parties' agreement, and do not otherwise infringe on Plaintiff's trademarks. (Id.)

**Legal Standard**

District Courts have the authority to enforce their own orders by the exercise of contempt powers. *Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1301 (11th Cir. 1991) (citing *Shillitani v. United States*, 384 U.S. 364, 370, 86 S.Ct. 1531, 16 L.Ed.2d 622 (1966)); Fed.R.Civ.P. 70(e). In the Eleventh Circuit, if a party moves for contempt, that party must prove "by clear and convincing evidence[] the defendant's noncompliance with a court order." *Thomas v. Blue Cross Blue Shield Ass'n*, 594 F.3d 814, 821 (11th Cir. 2010). Additionally, the movant must demonstrate that (1) the order was valid and lawful;

---

[2] That relief includes ordering Defendants to remove all uses of the phrase "meth lab cleanup," whether capitalized, lowercase, or any combination thereof, on any website controlled, possessed, or owned by Defendants, including but not limited to, www.MethLabServices.com and www.spauldingdecon.com, except in the lowercase version when used to generally describe services; enjoining Defendants from adding the phrase "meth lab cleanup," whether capitalized, lowercase, or any combination thereof, on any website control, possessed, or owned by Defendants, including but not limited to, www.MethLabsServices.com and www.spauldingdecon.com; and ordering Defendants to pay actual damages, attorneys' fees, and costs.

5

(2) the order was clear, definite, and unambiguous; and (3) the violator had the ability to comply with the order. *Id.* (citing *Jordan v. Wilson*, 851 F.2d 1290, 1292 (11th Cir. 1988).

If the movant can meet these criteria, the burden then shifts to the violator to explain the noncompliance at a show cause hearing. *Chairs v. Burgess*, 143 F.3d 1432, 1436 (11th Cir.1998)). Then, "[t]o overcome a finding of contempt, the contemnor must prove that despite all reasonable efforts to comply with the court's order, compliance was impossible." *Brother v. BFP Investments, Ltd.*, No. 03-60129-CIV-MARRA, 2010 WL 2978077, at *2 (S.D. Fla. June 1, 2010) (citing *In re Chase & Sanborn Corp.,* 872 F.2d 397, 400 (11th Cir.1989)).

**The Court's Summary Judgment Order**

The Court first finds that its summary judgment order was valid and lawful. The motion seeking the order was timely filed. *See* Fed.R.Civ.P. 56(b). The motion asserted facts that were supported by evidence (See Dkt. 30, Exs. 1 and 2). Finally, the evidence demonstrated to the Court that no genuine issue of material fact needed resolution by a fact finder. *See* Fed.R.Civ.P. 56(a). Summary Judgment was lawful and appropriate.

The Court also finds that Defendants had the ability to comply with the order. Despite Spaulding's claims that she is "not well versed in information technology," she admits that she employs an "[Information Technology] representative." (Dkt. 60, Ex. 1, Spaulding Aff. ¶ 6). Such a specialist has the ability to make these website changes in the six weeks between July 23, 2015 and September 9, 2015—the period between the Court's entry of summary judgment and the filing of Plaintiff's contempt motion. Indeed, Defendants' admitted use of altered lower- and upper-case versions of "meth lab cleanup"

6

on their websites after the order's entry serves as nearly irrefutable proof that they have the ability to comply with the order.

The Court now turns to its summary judgment order to determine whether it was clear, definite and unambiguous. Plaintiff's motion for summary judgment concluded with a list of specific relief, requesting the Court to order that Defendants

> a. Remove the 'meth lab cleanup' Meta Tags from Defendant's Website,
> b. Be enjoined from using or allowing to be used any meta tag using the terms 'Meth Lab Cleanup' or any confusingly similar terms,
> c. Be enjoined from creating or having created any domain name using any of the following terms or any confusingly similar terms: Meth, Lab, Cleanup,
> d. Pay actual damages to Plaintiff,
> e. Pay Plaintiff's attorney's fees and costs, and
> f. Any other and further relief as this Court deems just and proper.

(Dkt. 30, p. 20). The motion was primarily dedicated, however, to Plaintiff's assertion that the phrase "Meth Lab Cleanup" in metatags was confusingly similar to Plaintiff's mark and that Defendants' use of the phrase violated the parties' agreement. (*See* Dkt. 30, pp. 6-7; Dkt. 30, Ex. 1).

The Court similarly narrowed its holding: "The Court concludes that the Defendants use of the capitalized phrase "Meth Lab Cleanup," which is confusingly similar to MLC[C]'s Trademarks-in-Suit, in the [m]etatags on the Website www.MethLabServices.com is not protected activity under the safe harbor and is therefore a breach of the Confidential Settlement Agreement." *See Meth Lab Cleanup, LLC*, 2015 WL 4496193, at *8. The Court ordered that "Defendants must remove and are enjoined from using the [m]etatags on the Website or the capitalized phrase 'Meth Lab Cleanup' or

7


any confusingly similar phrase on any other website." *Id.* The Court deferred ruling on damages and attorneys' fees.[3]

The Court finds that this holding was clear, definite, and unambiguous in two important respects: (1) it ordered the removal of "Meth Lab Cleanup," with the first letter in each word capitalized, from the metatags of www.MethLabServices.com and enjoined the Defendants from using that phrase, so spelled and capitalized, on www.MethLabServices.com; (2) it prohibited the use of "Meth Lab Cleanup," with the first letter in each word capitalized, in the metatags of www.MethLabServices.com or on any other website. Because the Court's holding did not detail explicit parameters on what other iterations of "Meth Lab Cleanup" constitute a "confusingly similar phrase," any restrictions the Court imposed on the use of the phrase "Meth Lab Cleanup" beyond this exact spelling and capitalization were not clear, definite, and unambiguous.

With this finding, the Court now turns to the evidence to evaluate whether Plaintiff has shown, by clear and convincing evidence, that Defendants violated the portions of the order that were clear, definite, and unambiguous. In other words, the Court looks to see if Defendants continued to use "Meth Lab Cleanup," so spelled and capitalized, as a metatag on www.MethLabServices.com or on any other website after the Court entered its summary judgment order.

The evidence reveals that they have. Julie Mazzuca, owner of Meth lab Cleanup, LLC, submitted an affidavit in support of Plaintiff's summary judgment motion. In it,

---

[3] The Court also denied Plaintiff's requested relief "c" as being too broad to be covered by the parties' settlement agreement.

Mazzuca attests that more than three weeks after this Court's summary judgment order, Defendants' two websites--www.MethLabServices.com and www.spauldingdecon.com--still contained "numerous uses" of the phrase "Meth Lab Cleanup." (Dkt. 55, ¶¶ 5-8, Mazzuca Aff.) Exhibit A-3 to that affidavit is a screen shot of the website www.MethLabServices.com and a purported copy of that site's source code. A review of that source code shows at least two instances of "Meth Lab Cleanup" in the site's metadata. (Mazzuca Aff., Ex. A-3.) Exhibit B-1 is a purported copy of the source code for www.spauldingdecon.com, and it shows one instance of "Meth Lab Cleanup" in the site's metadata.

In their response, Defendants do not dispute the authenticity of Plaintiff's evidence or the timing at which this evidence was captured. They do not dispute the evidence's suggestion, and Plaintiff's assertion, that they used "Meth Lab Cleanup" on the websites after this Court's summary judgment order. Instead, they simply assert that, "as of [September 24, 2015], there are no instances of 'Meth Lab Cleanup' in the meta tags of either site." (Dkt. 60-1, Spaulding Aff.; *see* Dkt. 60, p. 4) Defendants will be provided the opportunity to explain why it took them two months to comply with this Court's order.

The Court concludes that Plaintiff has met the initial burden of demonstrating that Defendants should be held in contempt of this Court's July 23, 2015 summary judgment order—specifically for their continued use of the phrase "Meth Lab Cleanup." Defendants will be afforded an opportunity to explain their noncompliance or to otherwise demonstrate why contempt is inappropriate at a show cause hearing.

As to Defendants' use of other "confusingly or substantially similar" variations of the phrase, Plaintiff's motion is denied. What Plaintiff's motion makes apparent, however,

is that the phrase "confusingly or substantially similar" has, itself, caused considerable confusion. The Court will therefore take this opportunity to clarify the terms of its summary judgment order.

Applying the same binding law that this Court applied in its summary judgment order, the Court finds that all of the phrases cited by Plaintiff as being used in Defendants' websites—"Meth Lab Cleanup," "Meth lab cleanup," "meth lab Cleanup," and "METH LAB Cleanup"—are confusingly or substantially similar to Plaintiff's trademarked "Meth Lab Cleanup LLC." *See Meth Lab Cleanup, LLC v. Spaulding Decon, LLC*, 2015 WL 4496193, at \*5 (citing *N. Am. Med. Corp. v. Axiom Worldwide, Inc.*, 522 F.3d 1211, 1220 (11th Cir. 2008); *see also Frehling Enterprises, Inc. v. Int'l Select Group, Inc.*, 192 F.3d 1330, 1337 (11th Cir. 1999) (reversing district court judgment and finding that defendant's inclusion of a modifier, "BELL'"—which formed part of defendant's mark, "BELL'OGGETTI (Italian for "beautiful objects")—would likely still confuse consumers and therefore still infringed on plaintiff's mark, the one-word "OGGETTI"). And just as the Court found in its summary judgment order, only one of these phrases—"meth lab cleanup," written in all lowercase letters and used to generally describe Defendants' services—is protected by the agreement's Safe Harbor provision.

Defendants have done little more than tinker with the letters' case to test the bounds of "confusingly or substantially similar." The phrase "Meth Lab Cleanup," however, is just that, a phrase—which is, by definition, "a small group or collocation of words expressing a single notion." *Oxford English Dictionary* (2d ed. 1989). No conceivable letter case configuration in "Meth Lab Cleanup" would definitively change the meaning of the single notion expressed by the use of those three words in succession. At most, a certain

10

configuration might confuse a consumer as to whether that configuration is expressing the same notion as "Meth Lab Cleanup." And that is precisely why all the phrases cited by Plaintiff and currently being used by Defendants are "confusingly or substantially similar" to Plaintiff's mark.

In fact, the parties' agreement implicitly recognizes this point. The agreement's Safe Harbor provision allows Defendants to use "'meth lab cleanup' to describe their services. *See Meth Lab Cleanup, LLC*, 2015 WL 4496193, at *2. Yet if this use, "meth lab cleanup," was not confusingly similar to "Meth Lab Cleanup LLC," there would be little need for the extra provision.

So lest Defendants confuse this order, the Court now explicitly holds that the phrase "meth lab cleanup" in *any* combination of capital and lowercase letters, except as permitted by the Safe Harbor provision, is confusingly similar to Plaintiff's mark. Defendants' use of *any* of them violates the parties' agreement.

It is **ORDERED** and **ADJUDGED** that:

1. Plaintiff's Motion for Contempt (Dkt. 54) is DENIED in part; Plaintiff has met its burden of demonstrating that Defendants should be held in contempt for their continued use of "Meth Lab Cleanup," which this Court's summary judgment order of July 23, 2015 (Dkt. 39) prohibited.

2. Defendants are ordered to appear and show cause, explaining the reasons for their noncompliance with this Court's summary judgment order or otherwise explaining why they should not be held in contempt, at a hearing scheduled on **MONDAY, NOVEMBER 23, 2015, AT 9:30 A.M.** before Judge James S.

Moody Jr., Sam M. Gibbons U.S. Courthouse, 801 North Florida Avenue, Courtroom 17, Tampa, Florida.  Time reserved: One hour.

It is further **ORDERED** and **ADJUDGED** that:

3. Defendants must remove all uses of "meth lab cleanup," in any letter case combination, from any website controlled, possessed, or owned by Defendants, except when used in lowercase to generally describe their services.

4. Defendants must remove all uses of "meth lab cleanup," in any letter case combination, from the metadata of any website controlled, possessed, or owned by Defendants, except those uses in which "meth lab cleanup" appears in all lowercase letters and is being used to generally describe their services.

5. Defendants are enjoined from the uses described above in paragraphs 3. and 4.

6. Defendants are ordered to comply with this Order within ten (10) calendar days.

**DONE** and **ORDERED** in Tampa, Florida, this 28th day of October, 2015.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Copies furnished to:</u>
Counsel/Parties of Record