**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

METH LAB CLEANUP, LLC,

      Plaintiff,

v.                                          Case No: 8:14-cv-3129-T-30TBM

SPAULDING DECON, LLC and
LAURA SPAULDING,

      Defendants.

_____

**<u>ORDER</u>**

THIS CAUSE is before the Court on the parties competing motions for partial summary judgment (Dkts. # 49 and 57, respectively) on Count V of Defendants' Counterclaim (Dkt. 32). That count alleges that Plaintiff breached a settlement agreement the parties entered into in 2012 by threatening Defendants with a lawsuit and ultimately filing a breach of contract suit. The Court has reviewed the filings, the record evidence, and the applicable law. For the reasons discussed below, Plaintiff's motion for summary judgment will be granted in part.

**FACTUAL BACKGROUND**

The parties to this lawsuit are long-time competitors in the crime-scene cleanup and decontamination business. Their motions concern Defendants' use of the phrase "meth lab cleanup." So did a previous lawsuit that the parties settled in 2012, as does this lawsuit, which Plaintiff filed in 2014 alleging a breach of that settlement agreement. So does a previous summary judgment motion, filed by Plaintiff, which the Court partially granted

in July 2015. And so does a contempt motion, again filed by Plaintiff, on which the Court held a hearing and ruled on in November 2015.

Given this procedural history, the Court will not recount legal and factual findings, but will instead incorporate those findings as they were detailed in the Court's previous summary judgment order and motion for contempt order (Dkts. 39 and 63). *See Meth Lab Cleanup, LLC v. Spaulding Decon, LLC*, No. 8:14-cv-3129-T-30-TBM, 2015 WL 4496193, *1 (M.D. Fla. July 23, 2015); *Meth Lab Cleanup*, 2015 WL 6538691, *1 (M.D. Fla. Oct. 28, 2015).

By way of those orders and a hearing on the motion for contempt, the Court has already ordered the Defendants to remove all instances of, and enjoined Defendants from all uses of "meth lab cleanup," in any letter case combination except all lowercase: (1) on any website controlled, possessed, or owned by Defendants; and (2) on the metadata of any website controlled, possessed, or owned by Defendants.

These orders also make clear that Defendants were at least partially in breach of the settlement agreement that gave rise to this lawsuit, which is to say there exists no genuine issue of material fact as to Count V. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). To the extent Plaintiff's motion seeks judgment on Count V of Defendants' counter-claim, it will be granted. *See id.* As to all other relief sought in the motion, it will be denied as moot. Defendants' motion for summary judgment will be denied.

It is ORDERED AND ADJUDGED that:

1. Plaintiff Meth Lab Cleanup, LLC's Motion for Partial Summary Judgment (Dkt. 49) is GRANTED in part, to the extent that it seeks judgment on Count V of Defendants' Counterclaim. To all other relief sought in the motion, it is DENIED as moot.

2. Defendants' Motion for Partial Summary Judgment (Dkt. 57) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida, this 23rd day of December, 2015.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2014\14-cv-3129 - SJ Count V.docx