UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

METH LAB CLEANUP, LLC,

    Plaintiff,

v.                                         Case No: 8:14-cv-3129-T-30TBM

SPAULDING DECON, LLC and
LAURA SPAULDING,

    Defendants.

## ORDER

THIS CAUSE is before the Court on the Parties' Opposing Motions for Prevailing Party Attorney's Fees (Dkts. 115 and 116) and their respective responses in opposition (Dkts. 120 and 121). The Court has reviewed these filings, the record, and the applicable law and concludes, for the reasons discussed below, that the motions should be denied.

**FACTUAL BACKGROUND**

Meth Lab Cleanup, LLC and Spaulding Decon, LLC have been competitors in the drug-lab and crime-scene decontamination industry for years. Along with their owners, Julie and Joseph Mazzuca for Meth Lab Cleanup and Laura Spaulding for Spaulding Decon, they have been opposing litigants for at least six years, beginning in 2010 when Meth Lab Cleanup sued Spaulding Decon for copyright infringement. That case, which centered on Meth Lab Cleanup's registered Trademark "Meth Lab Cleanup, LLC," was eventually settled out of court. The agreement settling the case contained twenty

paragraphs or "Terms of Agreement," and the Court previously detailed the relevant paragraphs in an earlier summary judgment order. (See Dkt. 104, pp. 2-5). Among them was a Florida choice-of-law provision and another provision stating that, should litigation to enforce the settlement agreement occur, the prevailing party in that litigation would be entitled to attorney's fees from the non-prevailing party.

Meth Lab Cleanup filed a second lawsuit, this one, alleging that Spaulding Decon and Laura Spaulding violated the settlement agreement (the "Agreement"). In all, the complaint contained five counts:

(1) Count I, alleging that Spaulding urged other industry competitors to file challenges to Meth Lab Cleanup's trademarks in violation of Paragraphs 2 and 13 of the Agreement;

(2) Count II, alleging that Spaulding disparaged Meth Lab Cleanup in violation of Paragraphs 2, 7, and 13;

(3) Count III, alleging that Spaulding used the website domain name www.methlabservices.com in violation of Paragraphs 7 and 14;

(4) Count IV, alleging that Spaulding used the phrase "Meth Lab Cleanup" on Spaulding websites and in their metatags in violation of Paragraph 7; and

(5) Count V, alleging that Spaulding disclosed the terms of the Agreement in violation of Paragraph 13.

(Dkt. 1). Spaulding filed a six-count counterclaim:

(1) Count I, seeking a declaratory judgment that Spaulding's use of the phrase "meth lab services" did not infringe on Meth Lab Cleanup's trademarks, statutory or common law, or violate the terms of the Agreement;

(2) Count II, alleging that Meth Lab Cleanup unfairly competed in violation of the Lanham Act by asserting that it had exclusive intellectual property rights in the phrase "meth lab services" and by making false and derogatory statements about Spaulding;

(3) Count III, alleging that Meth Lab Cleanup falsely advertised in violation of the Lanham Act by operating the website www.floridamethlabcleanup.com and otherwise misleading the public into believing it was a Florida company;

(4) Count IV, alleging that Meth Lab Cleanup disclosed the terms of the Agreement in violation of Paragraph 13;

(5) Count V, alleging that Meth Lab Cleanup violated the Agreement when it threatened to sue—and later did sue—Spaulding for its use of the phrase "meth lab cleanup"; and

(6) Count VI, alleging that Meth Lab Cleanup disparaged Spaulding in violation of Paragraph 13.

(Dkt. 32).

The parties then engaged in aggressive motions practice, which included two motions for partial summary judgment from each party. By the end of this motions practice, Meth Lab Cleanup had prevailed on Count IV of its complaint, but had lost on Counts III and V; Spaulding had lost on Counts II, III, V, and VI of its counterclaim. For each party, two counts survived summary judgment—Counts I and II for Meth Lab Cleanup, and Counts I and IV for Spaulding. But those four claims were dismissed with prejudice, with each party bearing its own fees, as a result of a subsequent settlement agreement and a final consent order. (Dkt. 114). The issue of prevailing party attorney's fees on the previously adjudicated claims, however, was not resolved in that settlement agreement.

## DISCUSSION

Now the parties seek an order awarding those fees. Both motions assert that their respective party was the prevailing one on the "significant issue" in the litigation. *See* Dkt.

3

115, p. 4 *and* Dkt. 116, p. 4 (citing *Moritz v. Hoyt Enterprises, Inc.*, 604 So. 2d 807, 810 (Fla. 1992)). As discussed below, the Court finds that neither party was.

Though both the complaint and counterclaim allege disparagement and confidentiality breaches, the "significant issue" in this case was the parties' claims to the exclusive use of certain intellectual property. Indeed, copyright infringement was the claim in the first lawsuit, and this lawsuit was initiated as a breach of the contract that settled the first lawsuit. Meth Lab Cleanup alleged that the Agreement prohibited Spaulding from using the phrase "Meth Lab Cleanup" and the website domain name "www.methlabservices.com." Spaulding alleged that the Agreement did not prohibit these uses. Given this procedural history, the Court has no difficulty concluding that, to the parties and the Court, this issue was most significant. This conclusion is supported by the fact that a count from Meth Lab Cleanup alleging disparagement and a count from Spaulding alleging confidentiality breach were among those dismissed by the parties.

On the significant issue, the claims to intellectual property, the result of the litigation is best characterized as a "wash." *See Lasco Enterprises, Inc. v. Kohlbrand*, 819 So. 2d 821, 826-27 (Fla. 5th DCA 2002). On the one hand, Meth Lab Cleanup prevailed on its claim that certain uses of the phrase "Meth Lab Cleanup" violated the Agreement—though, importantly, not every use.[1] On the other, Meth Lab Cleanup lost on its claim that the domain name www.methlabservices.com violated the Agreement. Notably, Spaulding's

---

[1] Specifically, the Court held that Spaulding's use of "meth lab cleanup," in lowercase letters, on any website or metadata, did not violate the Agreement. (Dkt. 39, p. 15; Dkt. 70, p. 2).

4

assertion that www.methlabservices.com did not violate the Agreement was central to three of its six counterclaims. In short, on the significant issue, the litigation resulted in each party achieving some of what it sought from the Court, and with neither party receiving all of what it sought. The Court will not award prevailing party attorney's fees on such a result. *See Schoenlank v. Schoenlank*, 128 So. 3d 118, 121 (Fla. 3d DCA 2013) (in a suit alleging breach of settlement agreement, concluding that "when the litigation ends in a tie, with each party prevailing in part and losing in part on the significant issues, the trial court is well within its discretion to deny attorney's fees to both parties") (internal quotation marks and citations omitted).

Under Florida law, "an attorney's fee award is not required each time there is litigation involving a contract providing for prevailing party fees." *KCIN, Inc. v. Canpro Investments, Ltd.*, 675 So. 2d 222, 223 (Fla. 2d DCA 1996). In fact, "courts may determine that no prevailing party exists and may decline to award any fees pursuant to a contractual provision." *TEC Serv, LLC v. Crabb*, 622 F. App'x. 867, 870 (11th Cir. 2015) (citing *Lasco*, 819 So. 2d at 826-27. Ultimately, "[t]he determination of an award of attorney's fees is within the sound discretion of the trial court and will not be disturbed on appeal, absent a showing of a clear abuse of that discretion." *Shoenlank*, 128 So. 3d at 121 (quoting *River Bridge Corp. v. Am. Somax Ventures*, 76 So. 3d 986, 989 (Fla. 4th DCA 2011) (internal citation omitted)).

Exercising that discretion, the Court finds that, on the significant issue, the litigation ended in a tie, in which case neither party should receive prevailing party attorney's fees. *See Shoenlank*, 128 So. 3d at 121.[2]

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff/Counter-Defendant Meth Lab Cleanup, LLC and Third-Party Defendants Julie and Joseph Mazzuca's Motion for Prevailing Party Attorney's Fees and Costs (Dkt. 115) is DENIED.

2. Defendant/Counter-Claimant/Third-Party Plaintiff Spaulding Decon, LLC's Motion for Prevailing Party Attorney's Fees and Costs (Dkt. 116) is DENIED.

3. The Clerk is directed to close this case and terminate any pending motions as moot.

**DONE** and **ORDERED** in Tampa, Florida, this 7th day of June, 2016.

/s/ James S. Moody, Jr.
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

---

[2] Because of this finding, the Court will not evaluate Meth Lab Cleanup's contention that Spaulding's claims to attorney's fees, as it pertains to Meth Lab Cleanup's complaint, is precluded by Spaulding's having failed to request them in its Answer.